J-S58035-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT WILLIAM DIXON, JR. | |
| Appellant | No. 490 WDA 2014 |

Appeal from the Judgment of Sentence February 11, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000364-2013

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED OCTOBER 10, 2014**

Appellant, Robert William Dixon, Jr., appeals from the judgment of sentence entered in the Erie County Court of Common Pleas, following his open guilty plea to criminal conspiracy, aggravated assault, and recklessly endangering another person ("REAP").[1]  We affirm.

The relevant facts and procedural history of this appeal are as follows. On October 28, 2012, the victim was delivering pizza to a residence on West 11th Street in Erie.  When the victim exited his vehicle, Appellant and an unidentified female approached.  Appellant struck the victim in the head with the firearm and demanded money.  The victim wrestled with Appellant, and

_____

[1] 18 Pa.C.S.A. §§ 903, 2702, 2705.

_____

*Retired Senior Judge assigned to the Superior Court.

the firearm fell to the ground. Appellant ordered his companion to retrieve the firearm and shoot the victim. Appellant's companion picked up the weapon, but she did not open fire. Instead, Appellant's companion fled. Appellant fled shortly thereafter.

On March 20, 2013, the Commonwealth filed a criminal information charging Appellant with conspiracy, robbery, aggravated assault, terroristic threats, possessing instruments of crime, and REAP. Appellant subsequently filed a motion to suppress evidence, which the court denied.[2] Following trial, a jury could not reach a verdict on any of the charges, and the court declared a mistrial.

On December 17, 2013, Appellant pled guilty to conspiracy, aggravated assault, and REAP. In exchange, the Commonwealth agreed to withdraw the remaining charges. The parties also agreed that the court would apply the deadly weapon "used" sentencing matrix. The plea agreement did not include a negotiated sentence. Following an oral colloquy, the court accepted Appellant's plea.

With the benefit of a pre-sentence investigation ("PSI") report, the court conducted Appellant's sentencing hearing on February 11, 2014. At the conclusion of the hearing, the court sentenced Appellant to sixty-six (66) to one hundred thirty-two (132) months' imprisonment for the conspiracy

---

[2] The suppression motion, suppression hearing transcripts and exhibits, and order disposing of the suppression motion are not in the certified record.

conviction. The court ordered the sentence to run consecutive to another sentence at an unrelated docket number. For the aggravated assault conviction, the court sentenced Appellant to twenty-seven (27) to fifty-four (54) months' imprisonment, concurrent to the conspiracy sentence. Additionally, the court determined the REAP conviction merged for sentencing purposes with the aggravated assault conviction.

On February 21, 2014, Appellant timely filed a post-sentence motion to modify and/or reduce sentence. In it, Appellant claimed he had already received a minimum term of ten (10) years nine (9) months' imprisonment for the conviction at the unrelated docket number. Further, Appellant indicated he had "another active case with Allegheny County" that could result in additional incarceration. (Post-Sentence Motion, filed 2/21/14, at 2). Appellant explained he has "a long standing drug addiction problem," and he committed the current offenses "while under the influence of illegal substances." (*Id.*) Nevertheless, Appellant "graduated high school and has completed a fiber optics certification program and has a long life ahead of him at the current age of twenty-eight (28)." (*Id.*) Based upon the foregoing, Appellant asked the court to, *inter alia*, impose the instant sentences concurrent to the sentence at the unrelated docket number. The court denied Appellant's post-sentence motion on February 24, 2014.

Appellant timely filed a notice of appeal on March 26, 2014. On April 2, 2014, the court ordered Appellant to file a concise statement of errors

complained of on appeal, pursuant to Pa.R.A.P. 1925(b). Appellant timely filed a Rule 1925(b) statement on April 23, 2014.

Appellant now raises two issues for our review:

THE COURT ERRED IN DENYING [APPELLANT'S] PRETRIAL MOTIONS WHEN IT RULED THAT THE POLICE DID NOT VIOLATE [APPELLANT'S] CONSTITUTIONAL RIGHTS WHEN ITS INVESTIGATION AND PHOTO LINEUP WAS NOT BASED ON REASONABLE SUSPICION AND/OR PROBABLE CAUSE AND THAT THE ARREST WHICH FOLLOWED THUS WAS NOT BASED ON PROBABLE CAUSE[.]

THE SENTENCE IN THIS CASE WAS MANIFESTLY EXCESSIVE AND CLEARLY UNREASONABLE, AS [CERTAIN FACTORS] WERE NOT CONSIDERED IN FASHIONING [APPELLANT'S] SENTENCE.

(Appellant's Brief at 2) (internal footnote omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Ernest J. DiSantis, Jr., we conclude Appellant's issues merit no relief. The trial court's opinion comprehensively discusses and properly disposes of the questions presented. (*See* Trial Court Opinion, filed May 5, 2014, at 3-7) (finding: **1)** Appellant's decision to enter guilty plea resulted in waiver of suppression claim; **2)** record belies Appellant's claim that court failed to consider mitigating factors; court considered PSI report, Sentencing Code, guidelines, Appellant's remorse, and statements made by Appellant and counsel; court tailored sentence to Appellant's individual situation, and court provided on-the-record statement of reasons for sentence; court appropriately decided to impose sentences consecutive to sentence at unrelated docket number;

Appellant was not entitled to "volume discount" for multiple convictions).

Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/10/2014